## HUNT v. ROWLAND.

**Equity:** RE-IMBURSEMENT OF TAXES. It is no violation of equitable principles to order the re-imbursement of money paid in the acquisition of a tax title which is held invalid because acquired under such circumstances of fraud or unfair dealing as that a court of equity would not sustain it.

*Appeal from General Term, Seventh District (Muscatine County).*

### WEDNESDAY, DECEMBER 22.

ROWLAND brought an action at law against Hunt's tenant, to recover certain lands, claiming title under a tax sale and deed. Hunt was substituted as defendant, and filed his bill in equity, setting up title to the land, and that Rowland's tax title thereto was obtained by fraud. The issues both at law and in equity, upon trial, were found against Hunt, who appealed to this court.

Upon that appeal the judgment of the District Court was reversed, and the cause remanded. See 22 Iowa, 54. Upon the cause being retried in the District Court, a judgment was rendered against Hunt for the sum of $326.87 in favor of Rowland, upon his claim made in the proceedings, for taxes paid by him upon the land in controversy. From that judgment, Hunt appealed to the General Term, where the judgment of the District Court was affirmed. He now appeals from the judgment of the General Term to this court.

*D. C. Cloud* for the appellant.

*Thomas Hanna* for the appellee.

BECK, J.— Under the decision of this court, heretofore rendered in this cause, Rowland's title to the land was set

aside. The circumstances under which he acquired it, as disclosed by the evidence, were held to be of such a character that a court of equity could not allow it to prevail. The question as to Rowland's right to recover the money, paid by him for taxes upon the land, was not determined, but the cause was remanded expressly for the purpose of trying the issues arising out of that question. Appellant's counsel insists that it is inconsistent and contrary to principle to hold that defendant acquired the title under such circumstances of fraud or unfair dealing that equity will refuse to uphold it, yet, under the same circumstances, will restore to him the money he expended in acquiring the title and paying the taxes assessed upon the land. We are not prepared to assent to this proposition as a general principle, certainly not in its application to this case. We can concieve of many cases where one may unfairly and fraudulently acquire a title, which, for that reason, would be set aside in equity. Yet the same court would restore the money expended in acquiring the title. Such might be the result in cases of titles so acquired under judicial sales. We conceive that no equitable principle would thereby be disregarded. Upon the former appeal in this case, it was not determined that the evidence disclosed such a state of facts and circumstances as, in equity, would defeat the recovery by defendant of the amount expended by him in the payment of taxes. On the contrary, the evidence before the court was held to be insufficient to justify such a conclusion. The cause was remanded, that the issues of fact, arising out of the question of defendant's right to recover the money, might be retried upon new as well as the old evidence. Additional evidence was accordingly submitted to the court upon the trial of these issues, with the result that the circumstances and facts, connected with defendants accquisition of the tax title, appear in a decidedly more

favorable light, than upon the trial of the former appeal.

We are clearly of the opinion, that, under the evidence now before us, the defendant should recover the amount expended by him in payment of the taxes upon the land, and in the acquisition of the tax title. No objection is made as to the amount of the judgment; it must be considered as the true amount which defendant is entitled to recover.

Affirmed.