STEWART V. CORBIN.

**Tax Sale:** REIMBURSEMENT FOR TAXES. A decree settling the title to
land in the original holder, as against a tax purchaser, does not bar an
action to recover for taxes paid by the latter in good faith upon the land
in controversy.

*Appeal from Muscatine District Court.*

FRIDAY, JUNE 19.

THE plaintiff filed a petition in equity alleging that he was
the owner of a certain eighty acre tract of land, and that the
defendant claimed a prior title thereto under a purchase at tax
sale, and asking that this title be declared void.

The defendant filed an answer and cross-bill, alleging that he
was the absolute owner of said land, under a treasurer's deed,
and asking that the title be quieted in him.

On the hearing in the court below, the plaintiff's petition
was dismissed, and on appeal this judgment was reversed.
See *Stewart v. Corbin*, 25 Iowa, 144.

Afterwards the defendant filed a supplemental and amended
cross-bill, alleging that the lands were sold to him for the
delinquent taxes of 1859 and '60 and '61, and that since his
purchase he had paid the taxes for 1862, '63, '64, '65 and '67,
and that the total amount of taxes so paid enured to the benefit
of said lands. Defendant asks that the amount of taxes so
paid, with the proper interest, may be a charge upon the por-
tion of said lands not a homestead, and that plaintiff may be
decreed to pay the same.

Plaintiff answered this cross petition, alleging that defendant
is estopped from asserting any claim on account of said taxes,
because the matter has already been adjudicated between the
parties.

The court decreed that defendant recover on account of said
taxes the sum of $369.13, and that the same be declared a
special lien upon the property in controversy, other than the
homestead. Plaintiff appeals.

*Cloud & Broomhall*, for appellants.

*Richman & Carskadden*, for appellee.

DAY, J.—The only point made by appellant is that the former decree, set out in the statement of facts, is a bar to this claim of the defendant on account of the taxes paid. It seems too apparent to us to admit of serious discussion that it cannot have that effect. The subject matter of the present claim is altogether distinct from that of the former. The former controversy was respecting the title, which both parties claimed. The ultimate decision was that the title was in the plaintiff. Accepting that decision as a final determination of that matter, the defendant says, " True, the title is yours, but I paid the taxes on the lands for eight years, and I want you to reimburse me."

If defendant could be entitled to have the taxes paid by him refunded, only upon the ground that he held the title to the land, there would be some ground for appellant's claim. But if he had the title, the taxes would have been paid for his own benefit, and he would have neither the desire nor the right to have them repaid. His right is based upon the fact that his title has failed, and that he has made payments, the benefit of which has been denied to him, and has accrued to the holder of the title. The following authorities fully sustain defendant's right to the relief asked, and show that it is granted on account of payment of taxes in good faith, and subsequent failure of title: *Claussen & Kuehl v. Rayburn*, 14 Iowa, 136; *Orr v. Travacier*, 21 Iowa, 69; *Hunt v. Rowland*, 28 Iowa, 349.

AFFIRMED.